UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **COURTNEY M. RORIE,** | § § § § | **CIVIL ACTION NO.** |
| Plaintiff, | § § § § | |
| VS. | § § | |
| **SHORELINE RESTAURANT CORPORATION D/B/A CULPEPPER STEAKHOUSE** | § § § § § | |
| Defendant. | § § § § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Courtney M. Rorie, hereinafter called "Plaintiff" or "Rorie," by and through the undersigned attorney, complaining of and about Shoreline Restaurant Corporation d/b/a Culpepper Steakhouse ("Culpepper") or "Defendant", and for cause of action shows unto the Court the following:

### PRELIMINARY STATEMENT

1.  The Plaintiff, Courtney M. Rorie, brings this action against Defendant, for violations of Title VII of the Civil Rights Act of 1964 (Title VII) (42 U.S.C. § 2000e) et. seq, as amended.

2. At the time of the discrimination, Ms. Rorie was employed with the Defendant as a Server.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Title VII. This Court has supplemental jurisdiction over any state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## VENUE

4. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practice(s) were committed in the Northern District of Texas-Dallas Division, the relevant employment records are maintained in this district, and the aggrieved person would have worked in this district but for the alleged unlawful employment practice. Venue in this Court is also proper pursuant to 28 U.S.C. § 1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the asserted claims occurred. Further, the exercise of personal jurisdiction comports with Due Process under the United States Constitution.

## CONDITIONS PRECEDENT

5. On June 10, 2020, Ms. Rorie timely filed a charge of discrimination on the basis of sex, sexual harassment, hostile work environment and constructive discharge with the U.S. Equal Employment Opportunity Commission ("EEOC"). An EEOC investigation ensued thereafter.

6. On August 19, 2020, the EEOC mailed Ms. Rorie a notice of right to sue. Ms. Rorie received the notice several days after it was issued. This complaint has been filed within 90 days of receipt of that notice. Ms. Rorie has fully complied with all prerequisites to jurisdiction in the Court under Title VII.

### PARTIES & SERVICE

7. Courtney M. Rorie, Plaintiff, is an individual who resides in Texas. Ms. Rorie is a citizen of Texas. Ms. Rorie may be contacted by her undersigned attorney. Ms. Rorie was an employee, as defined by Title VII.

8. **Defendant Shoreline Restaurant Corporation d/b/a Culpepper Steakhouse** is a Corporation formed in Texas with a principal place of business located at 309 E. Interstate 30, Rockwall, Texas 75087. **Defendant Shoreline Restaurant Corporation d/b/a Culpepper Steakhouse may be served by serving Bob L. Clements, its Registered Agent authorized to accept service at <u>201 Woodpark, Rockwall, Texas 75087</u>.**

### FACTS

9. At all relevant times, Defendant has continuously had at least 15 employees and conducted business in Rockwall County, Texas.

10. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

11. Ms. Rorie, a female, was employed by the Defendant as a Server from July 2019 until her constructive discharge on May 2, 2020. Ms. Rorie's direct supervisor was Joaquin

Ramirez ("Ramirez"). Ms. Rorie loved her job, except that she was repeatedly subjected to sexual harassment by her coworkers, Jose (last name unknown) and Chad Bowden ("Bowden").

12. The Defendant subjected Ms. Rorie to a continuing course of unwelcome and offensive harassment because of her sex (female), including but not limited to conduct fully described in this Complaint.

13. Shortly after Ms. Rorie began employment, she was changing clothes in the changing room in the back of the restaurant. Jose walked in on Ms. Rorie while she was changing clothes. This incident caused Ms. Rorie to change her clothes in the front women's restroom going forward.

14. In early 2020, Jose approached Ms. Rorie from behind and grabbed her vagina while she was bent over scooping ice. Later that same night, Jose grabbed Ms. Rorie to the extent that she could not get out of his grasp. Jose then told Ms. Rorie:

> *"I want to make sex with you. I'll pay you baby because I want you so bad. I don't mean to make you feel like a bitch or whore baby, but I want to make sex with you so bad. Name your price, how much?"*

15. A few weeks after this incident, Jose walked into the manager's office. While Ms. Rorie was sitting at the manager's desk, he leaned over Ms. Rorie, wrapped one of his arms around her so she could not move. Jose then shoved his other hand down Ms. Rorie's shirt and grabbed her chest. Ms. Rorie told Jose to stop—several times. Ramirez walked in on this incident and Ms. Rorie told him what Jose did to her. Jose quickly let Ms. Rorie go and walked out of the room. Culpepper failed to address this incident.

16. Frequently during the course and scope of Ms. Rorie's employment, Jose grabbed and spanked Ms. Rorie's butt, and grabbed her breasts. Often times, these assaults would be

compounded with Jose telling Ms. Rorie that he wanted to see her *"titties baby."* Jose offered Ms. Rorie money in exchange for sex, which she declined.

17. In February 2020, Chad Bowden began working in the back area with Jose. Bowden joined Jose in grabbing and spanking Ms. Rorie's butt. Bowden also joined Jose in asking Ms. Rorie to reveal her breasts to him.

18. There was one instance when Bowden attempted to kiss Ms. Rorie in the mouth, but she was able to avoid it by quickly moving out of the way.

19. Several weeks later, Bowden described in great detail to Ms. Rorie how he would perform cunnilingus on her if he was given the opportunity. Bowden was not given the opportunity, as his dialogue on this subject was unwelcomed. A short time thereafter, Culpepper closed its dining area due to the pandemic related to COVID-19. The night prior to this closing, Bowden pulled Ms. Rorie aside and told her *"bra and panties are optional."*

20. Bowden and Jose told Ms. Rorie if she made over three hundred dollars on a particular night, then she would have to show them her breasts. On another instance, Bowden pinched Ms. Rorie's butt cheek with a pair of tongs. Bowden's pinch was so hard that it left a mark.

21. In mid-April, after Ms. Rorie restocked everything for the shift, she asked Ramirez if he needed her to do anything else. Ramirez said no. Ms. Rorie asked Bowden the same, if he needed her to do anything else. Bowden said *"yeah, me."* Ms. Rorie asked "What?" Bowden repeated, *"yeah, me…can you please do me? I want you to do me."*

22. On April 20, 2020, Ms. Rorie arrived at work. Within 10 seconds of Bowden seeing her, he stated: *"I thought I told you not to wear an effing bra to work today?"* Later that night, Bowden told Ms. Rorie*: "Well, your tits were on time, but your ass was late."* Bowden

then asked Ms. Rorie: *"When you suck dick, do you cup the balls? I like my balls cupped because they're smooth."*

23. When Ms. Rorie was asking Bowden how to ring up a specific item, he insistently asked *"what color are your panties? I bet you're not even wearing panties, are you? Are you wearing panties? Eff it just take off your clothes. You can work topless."*

24. On Thursday, April 30, 2020, as Ms. Rorie was leaving, she said "Bye, goodnight I'm out of here." Bowden asked, "Do you need a dick in your mouth before you go?" Ms. Rorie said, "excuse me?" Bowden repeated his question in a very condescending tone… *"I. said. Do. You. Need. A. Dick. In. Your. Mouth. Before. You. Go?"* Ms. Rorie asked, "What is wrong with you?"

25. Bowden stated, *"Well, if you change your mind then let me or Jose know… one of use will take care of that for you."*

26. Ms. Rorie told Ramirez everything that had happened to her, when it happened. Ms. Rorie reported all of the incidents to her supervisor, Ramirez. On information and belief, Ramirez reported the incidents up the chain of command.

27. On information and belief, the Defendant did not conduct an investigation, discipline Jose or Bowden, or taky any other actions in response to Ms. Rorie's complaints to Ramirez.

28. At no point did Defendant take prompt and reasonable corrective actions reasonably calculated to prevent or correct discrimination or harassment.

29. On information and belief, Defendant did not have an effective sexual harassment and discrimination policy or complaint procedure. On information and belief, at no time during

Ms. Rorie's employment did Defendant ever take active steps to monitor the work environment to ensure the absence of sexual harassment and discrimination.

30. As the result of the Defendant discriminatory treatment of Ms. Rorie she has experienced and continues to suffer from mental anguish.

## COUNT ONE

**Sex Discrimination and Sex Harassment in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et al.), as amended**

31. Rorie repeats and re-alleges paragraphs 1 through 30 hereof, as if fully set forth herein.

32. Defendant by and through their agents intentionally engaged in unlawful employment practices involving Plaintiff because of her sex (female). Rorie's coworkers engaged in sex discrimination against her by subjecting her to severe, pervasive, unwanted, and degrading harassment because of her sex (female).

33. Culpepper had actual and constructive knowledge of the actions of Jose and Bowden. Ramirez was the manager in charge of service at Culpepper, who reported these incidents up the chain of command. Accordingly, Culpepper cannot deny knowledge.

34. Culpepper failed to exercise reasonable care to prevent or correct its employees conduct towards Ms. Rorie. Rather than taking reasonable lawful steps to remedy the discrimination and harassment or addressing Ms. Rorie's complaints, Culpepper instead took no action.

35. The effect of the practices complained of in paragraphs 11 through 30 above has been to deprive Ms. Rorie of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex, female. The unlawful practices above were intentionally undertaken by the Defendant and its agents.

36. The discriminatory practices described above were unwelcome; because of sex; offensive; and sufficiently severe or pervasive, both objectively and subjectively, to alter the terms or conditions or employment for Ms. Rorie.

37. Defendant is vicariously liable for the sexual harassment and discrimination committed by its employees. Defendant knew or reasonably should have known about the sexual harassment committed by its employees but failed to take prompt action reasonably calculated to ending the harassment and preventing its recurrence.

38. Rorie suffered damages as a result of the Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

39. The unlawful employment practices described above were intentional.

40. Defendant intentionally violated Ms. Rorie's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT TWO

**Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et al.), as amended**

41. Rorie repeats and realleges paragraphs 1 through 40 hereof, as if fully set forth herein.

42. Ms. Rorie's coworkers engaged in sex discrimination against her by subjecting her to severe, pervasive, unwanted, and degrading harassment, and by creating and maintaining a hostile work environment because of her sex (female). The harassment to which Ms. Rorie was subjected to as part of an overall hostile workplace environment included but was not limited to sexist comments that were degrading to women, as well as comments of a sexual nature about Ms. Rorie.

43. Defendant by and through their agents intentionally engaged in unlawful employment practices involving Plaintiff because of her sex (female).  Rorie's coworkers engaged in sex discrimination against her by subjecting her to severe, pervasive, unwanted, and degrading harassment because of her sex (female).

44. Culpepper had actual and constructive knowledge of the actions of Jose and Bowden.  Ramirez was the manager in charge of service at Culpepper, who reported these incidents up the chain of command.  Accordingly, Culpepper cannot deny knowledge.

45. Culpepper failed to exercise reasonable care to prevent or correct its employees conduct towards Ms. Rorie.  Rather than taking reasonable lawful steps to remedy the discrimination and harassment or addressing Ms. Rorie's complaints, Culpepper instead took no action.

46. The discriminatory practices described above were unwelcome; because of sex; offensive; and sufficiently severe or pervasive, both objectively and subjectively, to alter the terms or conditions or employment for Ms. Rorie.

47. Defendant is vicariously liable for the sexual harassment and discrimination committed by its employees.  Defendant knew or reasonably should have known about the sexual harassment committed by its employees but failed to take prompt action reasonably calculated to ending the harassment and preventing its recurrence.

48. The effect of the practices complained of in paragraphs 11 through 40 above has been to deprive Ms. Rorie of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex, female.  The unlawful practices above were intentionally undertaken by the Defendant and its agents.  The described conduct constitutes a hostile work environment based on Rorie's sex, female.

49. Ms. Rorie suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

50. The unlawful employment practices described above were intentional.

51. Defendant intentionally violated Ms. Rorie's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

### COUNT THREE

**Constructive Discharge in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et al.), as amended**

52. Ms. Rorie repeats and re-alleges paragraphs 1 through 51 hereof, as if fully set forth herein.

53. Ms. Rorie's work environment became so intolerable that a reasonable person in her position would have felt compelled to involuntarily resign. The terms and conditions of her employment changed tremendously to the point where Ms. Rorie's work environment was made difficult and extremely hostile by the acts of Jose and Bowden, along with the inaction of Culpepper. Due to the acts of the Defendant and its employees, Ms. Rorie experienced mental trauma.

54. Culpepper failed to exercise reasonable care to prevent or correct Jose's and Bowden's conduct towards Ms. Rorie.

55. Culpepper is strictly liable for the acts of Jose and Bowden.

## COUNT FOUR

### Wrongful Discharge

56. Ms. Rorie repeats and re-alleges paragraphs 1 through 55 hereof, as if fully set forth herein.

57. Defendant, by and through their employees and agents, individually and in concert with each other, wrongfully discharged and otherwise discriminated against Ms. Rorie in violation of Title VII Civil Rights Act of 1964, as amended, which is an exception to the employment at will doctrine in Texas.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past (back pay) and future (front pay) loss of wages and benefits with prejudgment interest, plus interest as a result of the violations;

C. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action.  Such fees may be awarded under Title VII, the Back Pay Act--- or if under none of those----the Equal Access to Justice Act.;

E. Award to Plaintiff compensatory damages for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation;

F. Award to Plaintiff punitive and mental anguish damages, if applicable;

G. Equitable relief, such as a declaration that Defendant violated Title VII;

H.  An injunction prohibiting the Defendant from further violating the law against Plaintiff;

I.  An order requiring the Defendant to regularly report to the Court on future efforts to reduce the likelihood of others suffering such violations; and

J. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated:  13 NOVEMBER 2020
Arlington, Texas

Respectfully submitted,

By:      /s/ Lantis G. Roberts
Lantis G. Roberts
Texas Bar No. 24057463
E-Mail:  Lantis@kreativelaw.com
**THE LAW OFFICE OF LANTIS G. ROBERTS, PLLC**
1166 West Pioneer Parkway
Arlington, TX 76013
Tel. (817) 768-1819
Fax. (817) 704-4529
**Attorney for Courtney M. Rorie**

### COURTESY NOTICE TO DEFENDANT

**IF YOU HAD INSURANCE AT THE TIME OF THE INCIDENT, PLEASE TURN THIS DOCUMENT OVER TO YOUR INSURANCE COMPANY.**